IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-00919-RPM

JOANN RODRIGUEZ,

      Plaintiff,

v.

MILLERCOORS LLC

      Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

      The defendant, MillerCoors LLC ("Coors") seeks dismissal of the claims made under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.,* by its former employee Joann Rodriguez by summary judgment, contending that the record developed through discovery shows that after years of struggling with failing eyesight, Ms. Rodriguez finally realized that she could no longer wok and elected to apply for disability benefits under a company plan in August, 2005.  Short Term Disability leave was granted to December 31, 2005, and she is receiving Long Term Disability payments as well as Social Security disability benefits.  The defendant also asserts that the plaintiff's position was eliminated in a reorganization, effective January , 2006.

      Ms. Rodriguez claims that Coors violated the ADA by failing to provide a reasonable accommodation for her disability and by constructively discharging her because of her disability and in retaliation for her efforts to obtain a reasonable accommodation.

      The plaintiff has submitted proposed evidence demonstrating a sufficient conflicting view of disputed facts that warrant submission of this case to a jury.

      Accepting the credibility of the plaintiff for her testimony and affidavit, together with facts that are not disputed, the version of events that requires testing by trial is that Ms. Rodriguez

began her employment at Coors as a clerical employee in 1987 and worked her way up to Wholesale Sales Manager by 2001. She was diagnosed with a progressive eye disorder in 1999. She told her employer and met with Judy Lockwood, a consultant provided by Coors in August, 1999. Ms. Lockwood referred the plaintiff to a specialist to consider any assistive device but Ms. Rodriguez deferred following that suggestion. They met again in February and March, 2002.

Ms. Rodriguez repeatedly said that she did not want to be perceived as a disabled person by other employees and did not want any onsite evaluations by any consultants.

In May, 2002, Ms. Lockwood made an appointment for the plaintiff to consult with Colorado Assistive Partners but she declined and said she was comfortable and productive in a letter, dated June 3, 2002.

There were changes in the plaintiff's job duties in 2004, requiring more use of computer spreadsheets which were difficult for her to read.

Ms. Rodriguez visited Beyond Sight and told her supervisor, Dean Valdez, that a work site evaluation was necessary to determine what devices may assist her in her work. Mr. Valdez did not authorize that expenditure. Mr. Rodriguez told an information technology representative that Beyond Sight had recommended a "Zoom Text 8.1 Magnifier." Coors installed "LUNAR" software instead. Despite her complaints that LUNAR caused her computer to crash and her request for training, Ms. Rodriguez received no assistance from the company's IT staff. There has been no explanation for the decision to provide LUNAR rather than the Zoom Text device.

The plaintiff requested a work at home accommodation. It was denied. Ms. Rodriguez took medical leave for unrelated surgery for several weeks in the spring of 2005, returning to work in April. She discussed her 2004 disappointing performance evaluation with Kim Huskins, the H.R. Director. They talked about the effects of the plaintiff's impairment and the provisions

of the company's disability plan.  Ms. Rodriguez was told that a company restructuring was contemplated and that it would eliminate her position.  Accordingly, if she decided to apply for disability the timing of it was important.

Ms. Lockwood met with the plaintiff in July, 2005, at her work site, where she demonstrated her difficulties with the spread sheets.  There are direct conflicts in the testimony as to the discussion at that meeting.  The plaintiff says that Ms. Lockwood said there were no devices that could enable her to do her job and recommended that she take disability leave.  Ms. Lockwood says that the plaintiff acknowledged her inability to perform her work and wanted to apply for benefits.

A lawyer retained by the plaintiff communicated with a lawyer for Coors and suggested that a synthesized voice-to-speech software called JAWS be considered, saying he had seen a news account of a jury verdict awarding damages to a job applicant who had shown that it would have enabled him to work as a customer service representative.

On August 1, 2005, at a final meeting with Ms. Lockwood and Ms. Huskins, the plaintiff was told that she could not perform her job, with or without accommodations, that Ms. Lockwood would write a report to that effect and that there were no other open positions that were comparable.

The defendant's view of the case is that the company retained Ms. Lockwood to work with the plaintiff in an interactive process to attempt an accommodation for her impairments but the plaintiff did not make a good faith effort to cooperate, stubbornly insisting that she could do the work until she finally recognized that she needed to seek long term disability benefits while she was still employed.  Coors also points to the inconsistency between the plaintiff's position in this litigation and her claim for Social Security disability.

These conflicting views and the evidence supporting them require adjudication through trial and the collective judgment of a jury.  Accordingly, it is

ORDERED that the defendant's motion for summary judgment is denied.

DATED   May 15th, 2012

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge